IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SERGIO GUTIERREZ-MELENDEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 1:14-CV-03468 CCB |
| V. | ) | |
| | ) | |
| TIMOTHY STEWART, Warden | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**RESPONDENT'S REPLY BRIEF IN SUPPORT OF ITS RESPONSE AND
MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Respondent, Timothy Stewart ("Respondent"), by his undersigned counsel, submits this Reply Brief in Support of his Response and Motion to Dismiss or in the Alternative for Summary Judgment.

### I. INTRODUCTION

Petitioner, Sergio Gutierrez-Melendez ("Petitioner"), Fed. Reg. No. 86309-179, contended in his Habeas Petition (ECF Filing No. 1) that he did not receive appropriate prior custody credit for time served from May 6, 2010 through December 19, 2010. Respondent demonstrated in its Motion to Dismiss or for Summary Judgment that Petitioner did receive appropriate prior custody credit. Specifically, Petitioner's imprisonment from May 6, 2010 to August 19, 2010 (106 days) was credited towards a "time served" sentence received in a criminal immigration case. Petitioner's time from August 20, 2010 to December 19, 2010 (122 days) was properly credited against his current sentence for a drug conviction. In his Letter to the Court (ECF Filing No. 8), which could be construed as a response to the Motion, Petitioner stated that he is not trying to "fight any case," but rather is seeking an answer as to the why his release date

1

has changed from May 6, 2015[1] to September 19, 2015 (ECF Filing Nos. 8, 8-1).

Although Petitioner's release date can be impacted by any jail credit that he has received, the credit issue and the release date issue are not identical. Petitioner's release date can be impacted by, among other things, good behavior. Nevertheless, as discussed below, there appears to be a logical explanation for the change in release date; however, the issue is irrelevant as Petitioner has failed to exhaust administrative remedies. The Court should not venture into a guessing game as to the computation of Petitioner's release date. This issue should be fully developed through established administrative channels, and if there is still a dispute following the administrative process, then the Court can rule on Petitioner's habeas petition with the benefit of a fully developed administrative record. The Court, therefore, should dismiss Petitioners request for habeas relief for the failure to exhaust administrative remedies.

## II. ARGUMENT

### A. Petitioner failed to exhaust administrative remedies.

Respondent argued in its opening Response and Motion that Petitioner was required to exhaust administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA") before bringing an action in federal court. See 42 U.S.C. § 1997e; see also 28 C.F.R. § 542.10, et seq. Petitioner has not addressed the failure to exhaust argument in his Letter; therefore, the issue is undisputed, and Petitioner's request for habeas relief must be dismissed. Dismissal is particularly warranted in this case where Petitioner is "just trying to figure out why my release date has changed." (ECF Filing No. 8.) The Court should not try to answer such a question without the benefit of a fully-developed administrative record, and particularly where BOP could provide this answer to Petitioner through the administrative process. The Court, therefore,

---

[1] The exhibits submitted by Plaintiff indicate that his original release date was June 5, 2015, not May 6, 2015 as he states in his Letter. (See ECF Filing Nos. 8-1.)

2

should dismiss and deny Petitioner's request for habeas relief for the failure to exhaust administrative remedies.

### B. Petitioner's release date is consistent with the correct credit calculation.

As demonstrated in Respondent's opening Motion, Petitioner received appropriate credit for two periods served in prison. Petitioner was imprisoned from May 6, 2010 until August 19, 2010 – a 106-day stretch – when he was sentenced to "time served" in his criminal immigration case on August 19, 2010. Petitioner remained in prison for an additional 122 days until he was sentenced to a 70-month prison term in his criminal drug case on December 19, 2010. Respondent showed through its Motion how those 122 days were properly credited towards Petitioner's current sentence for his criminal drug conviction.

Petitioner, however, submitted a March 2011 version of his Sentence Computation indicating that his jail credit was 228 days, and the Sentence Computation listed a credit date range of May 6, 2010 to December 19, 2010. (ECF Filing No. 8-1, page 1.) This was likely an error in the sentence computation, as the first 106 days of Petitioner's imprisonment should have been credited towards the "time served" sentence in his immigration case and should not have been credited against his current sentence.[2] Indeed, the subsequent version of Petitioner's Sentence Computation submitted by both parties shows a credit of 122 days, which is 106 days less than the 228-day credit that was previously shown on his Sentence Computation. (ECF Filing No. 8-1, page 2 of 2; ECF Filing No. 3-12, page 6 of 7) The credit date range was also changed to August 20, 2010 until December 19, 2010 (a 106-day adjustment), and Petitioner's

---

[2] Counsel for the Respondent has communicated with BOP, and although the precise reason for the change in release date is unknown, BOP has agreed that the explanation offered herein is reasonable and is the likely explanation for the change in the release date. This explanation is being offered in an effort to accommodate Petitioner's request, while also recognizing that his petition is not properly before this Court because Petitioner has failed to exhaust administrative remedies. Additionally, it should be emphasized that the "release date" is not the same as the full term date of his imprisonment dictated by his criminal judgment. As demonstrated in the opening Motion, Petitioner's full term date has been correctly calculated.

"Statutory Release Date Projected" was adjusted by 106 days, moving his projected release date from June 5, 2015 to September 19, 2015. Again, Petitioner's "release date" does not coincide with the full term date of his sentence; however, the 106-day credit adjustment likely explains the 106-day adjustment to his release date.

Thus, to summarize, Petitioner's sentence computation changed as follows:

As of March 22, 2011 (ECF Filing No. 8-1 at 1 of 2):

| | |
|---|---|
| Jail Credit | May 6, 2010 to December 19, 2010 |
| Total Prior Credit time | 228 days |
| Statutory Release Date Projected | June 5, 2015 |

As of 2014 (ECF Filing No. 8-1, page 2 of 2; ECF Filing No. 3-12, page 6 of 7):

| | |
|---|---|
| Jail Credit | August 20, 2010 to December 19, 2010 |
| Total Prior Credit Time | 122 days |
| Statutory Release Date Projected | September 19, 2015 |

The new versions of the sentence computation all reflect 106-day adjustments. As discussed throughout Respondent's opening Motion, those 106 days should never have been credited towards Petitioner's criminal drug sentence, and should have been credited towards his "time served" sentence in his criminal immigration case. The 2014 versions of the Sentence Computation reflect that this error was corrected.

Yet, the Court need not engage in these computation analyses. This matter should be resolved administratively. Although the explanation above seems likely, the Court should dismiss Petitioner's request for habeas relief for the failure to exhaust administrative remedies.

### III. CONCLUSION

For the foregoing reasons, Respondent respectfully asks that Petitioner's request for relief be denied and dismissed.

Respectfully submitted,

ROD J. ROSENSTEIN
UNITED STATES ATTORNEY

_____
Matthew P. Phelps
Assistant United States Attorney
United States Attorney's Office
District of Maryland
36 S. Charles Street, 4th Floor
Baltimore, MD 21201
T: (410) 209-4800
F: (410) 962-9947
matthew.phelps@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of March, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and also mailed a copy via first-class mail to the following:

    Sergio Guiterrez-Melendez, #86309-179
    FCI Gilmer
    P.O. Box 6000
    Glenville, WV 26351

_____
Matthew P. Phelps
Assistant U.S. Attorney