## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

SERGIO NOE GUTIERREZ-MELENDEZ,          *
  #86309-179                                                     *
                                 *

Petitioner                                                                *

v                                                                              *          Civil Action No. CCB-14-3468
                                 *

WARDEN TIMOTHY STEWART                    *

Respondent                                                            *
                                ***

### MEMORANDUM

Pending is Sergio Noe Gutierrez-Melendez's ("Gutierrez-Melendez") petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  (ECF 1).  Respondent Timothy Stewart, by his counsel, has filed a response and a motion to dismiss or in the alternative for summary judgment pursuant to Rules 12(b)(1), 12(b)(6), and 56 of the Federal Rules of Civil Procedure.  (ECF 3).  Gutierrez-Melendez filed correspondence in response, to which Respondent replied.[1]  (ECF 8, 9).  The matter is ripe for disposition and a hearing is unnecessary.  *See* Local Rule 105.6 (D. Md. 2014).  For reasons to follow, the petition will be dismissed without prejudice for lack of administrative exhaustion.

### BACKGROUND

Gutierrez-Melendez is a federal inmate serving a seventy-month term of imprisonment to be followed by five years of supervised release pursuant to his conviction in the United States District Court for the Southern District of Texas for possession with intent to distribute less than

---

[1]  Gutierrez-Melendez was notified that he is entitled to file an opposition response with supporting materials.  (ECF 4).  On February 18, 2015, he filed correspondence questioning the calculation of his release date, but did not address whether he has exhausted his administrative remedies in regard to the credit question at issue here, nor as to his final date of release.  (ECF 8).

400 kilograms of marijuana.  (ECF 3-9).[2]  He is requesting that his prior custody, from May 6, 2010 through December 19, 2010, be credited against his current sentence. (ECF 1).

Respondent seeks dismissal of the petition on two grounds.  First, Respondent asserts Gutierrez-Melendez has failed to exhaust his administrative remedies.  Second, Respondent states Gutierrez-Melendez has already been credited for the time he is requesting.  Specifically, Gutierrez-Melendez's sentence from May 6, 2010 to August 19, 2010 was credited toward a "time served" sentence imposed in a different case.[3]

### FACTS

On May 6, 2010, Gutierrez-Melendez was arrested by police in Mission, Texas and charged in state court with marijuana possession. (ECF 3-2).  On August 3, 2010, a criminal complaint was filed in the United States District Court for the Southern District of Texas charging him with knowingly and intentionally possessing with intent to distribute 424.5 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 846 (hereinafter the "Drug Case").  (ECF 3-4).  On August 18, 2010, the state dismissed the local charges in light of the federal prosecution, and he was released to the U.S. Marshals Service.  (ECF 3-5, 3-6).

The following day, August 19, 2010, Gutierrez-Melendez was charged in the Southern District of Texas by criminal complaint of knowingly, willfully and in violation of law entering the United States at a place other than designated by an immigration office (hereinafter the "Immigration Case").   He was sentenced that same day to "time served" for the Immigration Case.  (ECF 3-8).

Gutierrez-Melendez remained in custody of the U.S. Marshals Service until his

---

[2]  Gutierrez-Melendez is presently housed at the Federal Correctional Institution ("FCI")-Gilmer in West Virginia. At the time he filed this petition, he was an inmate at FCI-Cumberland in Maryland.

[3]  As the case will be dismissed without prejudice for want of  administrative exhaustion, the court does not reach the merits of the claims presented.

sentencing to a seventy-month prison term in the Drug Case on December 20, 2010.  (ECF 3-9).

Gutierrez-Melendez' actual release date is June 19, 2016,[4] which reflects a 122-day credit he

received for being in custody from August 19, 2010, the day he was sentenced in the

Immigration Case, to December 20, 2010, the date of his sentencing in the Drug Case.  (ECF 3-

12, at 6).[5]

Gutierrez-Melendez has filed two administrative remedies requesting credit to his

sentence for the May 6, 2010 to August 19, 2010 period.  (ECF 3-13, at 3).[6]  He did not appeal

the administrative decisions denying his requests.  *Id.* at 4.  He filed the instant petition for

habeas corpus relief on October 31, 2014.

## DISCUSSION

Respondent seeks dismissal of this case for lack of jurisdiction based on Gutierrez-

Melendez's failure to exhaust his administrative remedies. A party may move to dismiss a claim

pursuant to Rule 12(b)(1), which provides that a party may assert lack of subject matter

jurisdiction by motion as a defense to a claim for relief.  FED. R. CIV. P. 12(b)(1). A Rule

12(b)(1) motion to dismiss may allege that "the jurisdictional allegations of the complaint were

not true." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).  If so alleged, then the "court may

go beyond the allegations of the complaint."  *Id.*  The court "regard[s] the pleadings' allegations

as mere evidence on the issue," and its consideration of additional evidence does not "convert[ ]

the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co.

v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Adams*, 697 F.2d at 1219 ("A trial

---

[4]  Respondent indicates the release date does not account for early release based on good behavior.  (ECF 3-1, at 3 n.2).

[5]  To the extent Gutierrez-Melendez has already been credited for this time period, he may not receive a double credit. *See* 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 337 (1992).

[6] The administrative remedy requests were filed in regard to a: 1) nunc pro tunc designation and 2) jail credit. (ECF 3-15).

court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment.").

This case seeks habeas corpus relief pursuant to 28 U.S.C. § 2241.  While § 2241 does not contain an exhaustion requirement, courts have typically required petitioners to exhaust their administrative remedies prior to filing for federal habeas relief.  Reliance on the administrative exhaustion requirement provides for development of a factual record, allows the appropriate agency to apply its expertise, and permits agencies to grant requested relief, thereby conserving judicial resources.  Where judicial intervention is required, it facilitates the court's review. *See Wright v. Warden, FCI–Cumberland*, Civ. No. RDB–10–671, 2010 WL 1258181, at *1 (D. Md. March 24, 2010) (citing *McCarthy v. Madigan*, 503 U.S. 140, 144–45 (1992)).[7] The exhaustion requirement "provides an agency with an opportunity to correct its own mistakes with respect to programs it administers before it is haled into federal court" and also "serves to prevent piecemeal appeals." *Volvo GM Heavy Truck Corp. v. U.S. Dep't of Labor*, 118 F.3d 205, 209 (4th Cir. 1997) (citations omitted) (internal quotation marks omitted). This requirement may be excused, however, where compliance would be futile. *McCarthy*, 503 U.S. at 146–49.

The Bureau of Prisons has established a three-tiered administrative remedy process through which an inmate may "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. §§ 542.10–.19.  An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels. *Id.*  The process begins with an attempt at informal resolution, followed by a formal written administrative remedy request, with subsequent appeals to the regional director and the General Counsel. *Id.* §§ 542.13–.15(a). Gutierrez-Melendez does not dispute that he has yet to fully exhaust his claims at all three levels of administrative review, nor does he assert exhaustion would prove futile. Accordingly, the

---

[7] Unpublished cases are cited only for the soundness of their reasoning, not for any precedential value.

petition will be dismissed without prejudice for lack of exhaustion.

To the extent Gutierrez-Melendez asks this court in correspondence to explain the difference between the calculation of his release date provided to him at FCI-Fairton in New Jersey and that provided to him at FCI-Cumberland in Maryland, (ECF 8), the government provided a possible answer in its reply. (ECF 9). Gutierrez-Melendez also may use available administrative remedies to resolve his concerns.

## CONCLUSION

For these reasons, the court will dismiss the petition without prejudice for lack of exhaustion pursuant to Rule 12(b)(1). Gutierrez-Melendez has not made the requisite "substantial showing of the denial of a constitutional right" for a certificate of appealability should he seek one from this court. *See* 28 U.S.C. § 2253(c)(2). A separate Order follows.


August 28, 2015                                          _____/S/_____
Date                                                     Catherine C. Blake
                                                         United States District Judge